Case number four this morning is United States v. Foster. Ms. Varner. Good morning. Sarah Varner for John Foster. May it please the Court. We're here today to discuss Indiana's B felony aggravated burglary statute. We're back to burglary this morning. I think that if we try to view this case in the narrowest possible way, the question before the Court this morning is whether or not Indiana's expansive definition of dwelling causes the statute to fail under Mathis. And I think that if we look at the case in that very narrow light, that we can see that it does. The government has conceded. What do you want us to do with United States against Perry? Perry holds that Class C burglary in Indiana is generic burglary. And all Class B burglary is, is Class C burglary plus a weapon or a dwelling, which doesn't negate any part of generic burglary. So I don't see how we can rule in your favor unless we overrule Perry. But your briefs don't even mention Perry. Not your opening brief. And despite the fact that both the district judge and the United States relied on Perry, not your reply brief. What do you want us to do with it? Ignore it? Well, respectfully, Your Honor, I don't think Perry is at issue because this is the way that the Indiana legislature chose to draft. Building our structure is definitely in Class C burglary. But then we've added what I'm thinking of as the element of aggravation. And the element of aggravation being whether it was a weapon or a residence. So we have Class C burglary is generic burglary. That's the holding of Perry. And then Class B burglary is all the elements of Class C burglary plus something else. How does that take it out of generic burglary? Because of the way that Indiana chose, legislature chose to draft a statute. And the court is, is that square, that issue is squarely presented and the court can't avoid that. I just don't understand. Suppose Class C, we take it as given from Perry that Class C burglary is generic burglary. And then the Indiana statute says, and the crime is committed on a Thursday. Would that take it out of generic burglary? I think that there, I think that the government has tried to rely on its briefing that it's sort of like incongruent to think that the And if you wanted to argue otherwise, you had a full opportunity in your briefs to do it. But you chose to ignore Perry. If you have arguments for distinguishing a critical case, you make them in your briefs. You don't ignore the case. I agree, Your Honor, but I respectfully and forcefully, I would say Perry is not an issue in this case. What is an issue is the way that Indiana chose to draft the definition of dwelling. And when Indiana chose to adopt the definition of dwelling, it purposefully expanded that definition to take into account explicitly things that it chose not to take into account in the C felony portion of the statute, which would be an issue if this were Perry. But it's not an issue here. So what we are faced with is perhaps poor drafting on the part of the Indiana legislature. But that's what we are faced with is still how does Indiana define dwelling? And does Indiana's definition of dwelling take it outside of generic burglary? And I think the very clear answer to that question is that it does. When Indiana defined the C felony, it said building or structure. And this court, I think rightly in Perry, said that falls within generic burglary. However, when it developed its aggravated portion of the statute, it chose to adopt, it didn't set it out in that statute, it chose to adopt a whole new statute that defined the way dwelling would be used within that statute. And we can't ignore the fact that they said building, structure, other enclosed space, permanent or temporary, movable or fixed, that is a person's home or place of lodging. We can't read those words out. Perhaps Indiana legislature drafted poorly, but for purposes of the Armed Career Criminal Act and a pretty stunning increase to Mr. Foster's sentence, we can't just read that out of the statute. And I think that Indiana's dwelling statute purposefully includes things like an RV or a boat or a car or a tent because what Indiana legislature wanted to encompass was the sanctity and security of a place of habitation. They're not concerned with whether it's a building or structure. This court once, Your Honor, kept asking for what Illinois case could support a theory. Well, in this case, the government doesn't have a case that can support the theory that Indiana means anything other than a habitation. They don't mean building or structure. What they want to protect is the sanctity and security of someone's home. And purposely, when they adopted the dwelling portion of the statute, they expanded that because of that concern with someone's home. And we have direct and clear guidance from the Supreme Court on this, that a building or structure excludes all things mobile or transitory. So I think the Gristle case from the Ninth Circuit is on point. The Indiana statute makes the same sort of expansion that the court found inappropriate in Gristle, but it just doesn't limit itself by listing the possible locations. It's more expansive by saying, other enclosed space, permanent or temporary, movable or fixed. So that points to the direct conclusion that the dwelling portion of the statute is overbroad. And the second prong, the government has already conceded that it's internally indivisible. So I think if we look at this case in the narrowest possible light, the dwelling portion of the statute is inappropriate for use under the Armed Career Criminal Act. I think there's a separate argument as to whether or not the aggravated portion of the statute itself is divisible. And I think that gets into a very complicated discussion of sort of what did Mathis mean by elements? What do we mean by elements? Do we mean like if the jury has to be unanimous? Do we mean statutory construction? Do we mean how the case is pled? But I don't think that this court even has to reach that. I think the court can say we're assuming without deciding that that portion of the statute is divisible, but because the dwelling portion fails, you could rule in Mr. Foster's favor. And if there are no other questions, I'll reserve the rest of my time. Certainly, Ms. Varner. Mr. Reeds. May it please the court, Brian Wright for the United States. We'd start by saying that, as asserted in our brief, Perry controls this case. C, burglary, as this court has already held, is generic burglary, and dwelling does nothing. The class B felony burglary of a dwelling does nothing but constrict and explain what types of building or structures qualify for a B felony. We would disagree, as we heard earlier, that the Indiana dwelling includes RVs or boats. As Indiana judiciary has interpreted, dwelling must be a settled residence where a family sleeps, functionally interconnected or contiguous with the family home, which excludes any sort of vehicle that the Supreme Court has said otherwise. To whatever extent, I think touching on what we've heard earlier, probably Indiana was intending to include mobile homes, which are, I won't beat a dead horse on that. If there are no further questions, the government will rest on its brief. Thank you. Thank you, counsel. Ms. Varner, anything further? Just very quickly, I would just say that the Indiana test for whether or not something is a dwelling does not depend on whether or not the structure is interconnected to the family home. Every Indiana case, again, counsel, I think on both sides have taken a deep dive into this, but every Indiana case focuses on whether the place was currently being used as a home, whether it had just been used for a home, whether someone planned to return to it as a home. And for these reasons, we would ask that this court vacate the sentence and remand to the district court for resentencing. Thank you. Thank you very much, counsel. The case is taken under advisement.